UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FELIX A. HERNANDEZ,

       Petitioner,

v.                                                               CASE NO. 6:10-cv-759-Orl-28GJK
                                                                 (6:07-cr-107-Orl-28GJK)
UNITED STATES OF AMERICA,

       Respondent.

---

## ORDER

    This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Felix A. Hernandez (Doc. No. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. No. 4). Thereafter, Petitioner filed a reply (Doc. No. 6).

    Petitioner alleges ten claims for relief: trial counsel rendered ineffective assistance by (1) failing to advise him of the deadline to enter a plea; (2) failing to reduce the terms of the plea agreement to writing; (3) waiting too long to enter into plea negotiations with the Government and failing to secure the same plea as co-defendant Perlaza; (4) advising him to enter an open plea without a written agreement; (5) failing to request a three-point reduction in his offense level for his timely notification of his intent to enter a plea; (6) failing to file a motion to compel the Government to file a motion for downward departure;

(7) allowing the Government to use his statements for which he was granted immunity against him at sentencing; (8) failing to use co-defendants Perlaza and Montes' statements to contradict the amount of drugs attributed to him at sentencing; (9) failing to compel the Government to file a Federal Rule of Criminal Procedure 35 motion; and (10) laboring under an actual conflict of interest.

## I.    *Procedural History*

Petitioner, along with thirty co-defendants, was indicted in case number 6:07-cr-107-Orl-28GJK on one count of conspiring to possess with intent to distribute and distribution of a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii) and 21 U.S.C. § 846 (Criminal Case Doc. No. 200).[1] Petitioner entered a guilty plea without a plea agreement (Criminal Case Doc. Nos. 801 & 1232). On April 14, 2008, this Court accepted the guilty plea, adjudicated Petitioner guilty, and held a sentencing hearing (Criminal Case Doc. Nos. 1047 & 1190). The sentencing hearing was completed on May 23, 2008 (Criminal Case Doc. Nos. 1112 & 1191). On May 27, 2008, the Court entered a Judgment in the criminal case, sentencing Petitioner to a 135-month term of imprisonment to be followed by five years of supervised release (Criminal Case Doc. No. 1118). Petitioner appealed, and the Eleventh Circuit Court of Appeals *per curiam* affirmed Petitioner's judgment and sentence (Criminal Case Doc. No. 1328).

---

[1]Hereinafter Criminal Case No. 6:07-cr-107-Orl-28GJK will be referred to as "Criminal Case."

2

## II.   *Legal Standard*

The Supreme Court of the United States, in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad

3

discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

### A.   *Ground One*

Petitioner alleges that trial counsel was ineffective for failing to advise him of the deadline to enter a plea. In support of this claim, Petitioner contends that the Government sent his attorney a letter noting that the plea deadline was about to expire (Doc. No. 1 at 8). Petitioner states that if he had known about this plea deadline, he would have insisted that counsel "secure him a plea agreement in a timely manner in order not to lose the opportunity afforded by the Government." *Id.*

In opposing this claim, the Government relies on a response filed by former defense counsel Mark Reyes ("Reyes"), in which Reyes states that Petitioner asserted his innocence throughout the case and thus, no plea agreement could have been agreed upon because of Petitioner's protestations of innocence (Criminal Case Doc. No. 1381 at 1). Because this document is not an affidavit or sworn, the Court will not rely upon it to deny Petitioner's claim. However, the Court finds that Petitioner has not demonstrated that he is entitled to relief with respect to this claim.

4

A criminal defendant does not have the right to obtain a plea agreement with terms tailored to his liking. Rather, the decision of whether to offer a plea agreement and what terms to include in that agreement are matters of prosecutorial discretion which the Court will not disturb. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial"); *United States v. Palmer*, 809 F.2d 1504, 1508 (11th Cir. 1987). Therefore, even if counsel acted in deficient manner in failing to inform Petitioner of a plea deadline, there is no indication that this deficiency resulted in prejudice. Contrary to Petitioner's arguments, there is no indication that counsel would have secured a favorable plea agreement on his behalf because such is a matter of discretion on the part of the Government. Moreover, there is no indication in the record that counsel failed to convey an offer made by the Government. Petitioner merely speculates that had he known of the plea deadline, he could have bargained with the Government for a favorable plea agreement. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Williams v. United States*, Nos. 8:09-cr-116-T-33EAJ & 8:11-cv-427-T-33EAJ, 2011 WL 3268308, at * 5 (M.D. Fla. Aug. 1, 2011). Accordingly, claim one is denied.

### B.   *Ground Two*

In his second claim Petitioner alleges that trial counsel rendered ineffective assistance by failing to reduce the terms of the plea agreement to writing. Petitioner asserts that he had an agreement with the Government to give the United States Attorney

information in exchange for a reduction of his sentence (Doc. No. 9 at 9). Petitioner states that but for counsel's failure to reduce this agreement to writing, he would have received a lesser sentence.

First, as the Court noted *supra*, Petitioner was not entitled to a plea agreement with terms tailored to his liking. *See Weatherford*, 429 U.S. at 561 (1977); *Palmer*, 809 F.2d at 1508. Thus, Petitioner cannot demonstrate prejudice because even if counsel had attempted to memorialize the Government's alleged agreement to file a motion to reduce his sentence in a written plea agreement, there is no guarantee that the Government would have agreed to do so. Further, contradicting Petitioner's claim is the statement made by Petitioner at the plea hearing that there were no promises made to him with respect to whether the Government would file a motion for downward departure (Criminal Case Doc. No. 1232 at 13). Petitioner was also advised that there was no agreement with the Government whereby the United States Attorney promised to file such a motion. *Id.* Petitioner stated that he understood. *Id.* At no time did Petitioner state that the Government had made an oral promise to file a motion for downward departure. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner has not demonstrated that this Court should overlook his sworn statements.

Because the Government did not make an agreement in this case to file a motion for downward departure, counsel's failure to have the plea reduced to a written agreement did

not result in prejudice because such a document would not have contained any clauses regarding a downward departure. Petitioner has not demonstrated that but for counsel's actions that he would have received a reduced sentence. As such, claim two is denied.

### C.   *Ground Three*

Petitioner alleges that trial counsel was ineffective for waiting too long to enter into plea negotiations with the Government and failing to secure the same plea deal as co-defendant Ricardo E. Perlaza ("Perlaza"). Petitioner maintains that Perlaza entered into a plea agreement for a five-year mandatory minimum sentence and also received a three-point reduction for timely acceptance of responsibility and an agreement for a possible sentence reduction under § 5K1.1 and/or Rule 35 (Doc. No. 1 at 10). Petitioner contends that if counsel had entered into negotiations with the Government earlier, he would have received the same agreement and sentence as Perlaza. *Id.*

The Court finds that Petitioner cannot demonstrate that he is entitled to relief on this claim. Petitioner would not have received the same sentence as Perlaza because Petitioner was found to have been a manager or recruiter after Perlaza gave testimony that Petitioner had recruited him into the conspiracy. *Id.* at 19-20. Thus, Petitioner's sentence was necessarily greater than Perlaza's as a result of the adjustment to his offense level for his manager or recruiter role in the conspiracy. *See United States v. Swaine*, 308 F. App'x 336, 346 (11th Cir. 2009) (finding Swaine's sentence was not unreasonable even though he received a much higher sentence than co-defendants because Swaine was not similarly situated to those co-defendants; Swaine received a four-level enhancement for being the

leader of the conspiracy); *United States v. Thomas,* 446 F.3d 1348, 1357 (11th Cir. 2006) (stating a longer sentence imposed upon an organizer or leader of conspiracy was "well within the bounds of reasonableness"); *Henry v. United States,* Nos. 8:10-cv-802-T-30MAP, 8:06-cr-314-T-30MAP, 2010 WL 4449046, at *2 (M.D. Fla. Nov. 1, 2010) (denying petitioner's claim that his sentence was a miscarriage of justice where petitioner received a higher sentence than co-defendant based on an upward adjustment for his leadership role in the conspiracy). Petitioner cannot demonstrate that but for counsel's deficiencies that he would have received the same sentence as Perlaza. Therefore, claim three is denied.

### D.   *Ground Four*

Petitioner claims that trial counsel rendered ineffective assistance by advising him to enter an open plea without a written agreement from the Government. Petitioner asserts that counsel should have known that it was incompatible with his client's interest to have him plead guilty in open court without a plea agreement (Doc. No. 1 at 11). Petitioner alleges that but for counsel's deficient performance, he would have received a lesser sentence.

Petitioner's fourth claim also fails. Petitioner's argument is based upon the same speculative premise that he would have received a favorable plea agreement from the Government if counsel had negotiated with the United States Attorney. *Tejada,* 941 F.2d at 1559 (vague, conclusory, speculative, or unsupported claims cannot support a claim of ineffective assistance of counsel); *Williams,* 2011 WL 3268308, at *5. This Court noted *supra* that there is no constitutional right to a plea bargain or a plea bargain with favorable terms.

8

*Weatherford*, 429 U.S. at 561; *Palmer*, 809 F.2d at 1508.  Furthermore, Petitioner cannot demonstrate that he would have receive a lesser sentence because of his role as a manager or recruiter and his failure to testify truthfully at sentencing.  As such, Petitioner cannot demonstrate that counsel acted in a deficient manner or that any such deficiency resulted in prejudice.  Claim four is denied.

### E.    *Ground Five*

In ground five Petitioner claims that trial counsel rendered ineffective assistance by failing to request a three-point reduction in his offense level for his timely notification of his intent to enter a plea.  Petitioner states that the United States Sentencing Guidelines recommend a two-point reduction of the offense level for acceptance of responsibility and an additional one-point reduction for timely notifying the Government of an intent to plead guilty (Doc. No. 1 at 11).  Petitioner states that he accepted responsibility and timely notified the Government of his intent to enter a guilty plea, however, counsel failed to ask for these reductions in his offense level.  *Id.* at 11-12.

Petitioner's claim is refuted by the record.  After reviewing the presentence investigation report, the Court finds that Petitioner received a two-point reduction for acceptance of responsibility and a one-point reduction for timely notifying the Government of his intent to plead guilty.  As such, counsel's failure to request these reductions at sentencing did not result in prejudice because these reductions were already calculated into Petitioner's total offense level.  Accordingly, claim five is denied.

F. *Ground Six*

In his sixth claim Petitioner argues that trial counsel was ineffective for failing to file a motion to compel the Government to file a motion for downward departure. Petitioner alleges that the Government had orally agreed to move pursuant to section 5K1.1 for a downward departure, but at the sentencing hearing the Government failed to do so (Doc. No. 1 at 12).

Section 5K1.1 of the United States Sentencing Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person . . . the court may depart from the guidelines." The plea colloquy reflects that prior to entering his guilty plea, Petitioner was informed that he could be sentenced below the mandatory minimum ten year sentence if the Government filed a motion for downward departure pursuant to § 5K1.1 (Criminal Case Doc. No. 1232 at 13). Petitioner was also advised that there was no agreement whereby the Government promised to file such a motion. *Id.* Petitioner stated that he understood this. *Id.* Petitioner did not state that his attorney or the Government made an oral promise to file a § 5K1.1 motion. Petitioner's statements to the trial court carry a strong presumption of truth, and Petitioner has not sufficiently demonstrated that this Court should overlook those statements. *Blackledge*, 431 U.S. at 73-74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Upon reviewing the record, the Court finds that Petitioner was aware that the Government had not promised to file a motion for downward departure based on

10

substantial assistance.  It was within the Government's discretion to file a § 5K1.1. motion

for downward departure based on substantial assistance.  *See Wade*, 504 U.S. at 185 (stating

§ 5K1.1 gives the Government power, but not a duty, to file a motion for downward

departure when there has been substantial assistance); *Romero-Salgado v. United States*, 353

F. App'x 178, 179 (11th Cir. 2009) (the Government has discretion regarding whether to file

a § 5K1.1 motion when there is no written agreement that the Government do so); *United*

*States v. Garcia*, 201 F. App'x 724, 725 (11th Cir. 2006) ("'[T]he decision to file a § 5K1.1

motion for downward departure from the Sentencing Guidelines. . . lies within the sound

discretion of the Government.'") (quoting *United States v. Alvarez*, 115 F.3d 839, 841 (11th

Cir. 1997)).  As such, trial counsel did not act deficiently by failing to move to compel the

Government to file such a motion because the Government had no duty to move for a

downward departure.

Petitioner further argues that he provided the Government with substantial

assistance and the Government refused to file a § 5K1.1 motion based on an

unconstitutional motive.  The Supreme Court of the United States has held that "federal

district courts have authority to review a prosecutor's refusal to file a substantial-assistance

motion and to grant a remedy if they find that the refusal was based on an unconstitutional

motive" like race or religion, or the refusal "was not rationally related to any legitimate

Government end . . . ."  *Wade*, 504 U.S. at 185-86 (citations omitted).  However, "[a]

defendant who merely claims to have provided substantial assistance or who makes only

generalized allegations of improper motive is not entitled to a remedy or to even an

evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). As such, "judicial review is appropriate only 'when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Id.* (citing *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993)).

Petitioner has not alleged that the Government refused to file a § 5K1.1 motion because of an unconstitutional motive like race, gender, or religion. Instead, Petitioner contends that the Government refused to file a motion for downward departure after he exercised his constitutional right to testify at sentencing. The Court finds that there is no indication in the record that the Government refused to file such a motion because Petitioner exercised his right to testify. The Government's refusal to file the § 5K1.1 motion was rationally related to a legitimate Government end because Petitioner did not testify truthfully at sentencing, contrary to the Rule 11 proffer agreement in which he agreed to testify truthfully at any legal proceeding (Criminal Case Doc. No. 1381-1). Petitioner has not established that the Government's refusal to file a § 5K1.1 motion was based on an impermissible motive or was not rationally related to a legitimate Government end, and as such, Petitioner is not entitled to relief on this claim. *See United States v. Kilpatrick*, 446 F. App'x 266, 270 (11th Cir. 2011) (finding Petitioner could not demonstrate that the Government's failure file a § 5K1.1 motion was based on an unconstitutional ground where the Government refused to file a motion for downward departure when Petitioner did not cooperate or testify truthfully in related state court proceedings). Accordingly, claim six

12

is denied.

### G.   *Ground Seven*

Petitioner claims that trial counsel rendered ineffective assistance by allowing the Government to use his statements against him at sentencing.  In support of this claim Petitioner alleges that he made statements to the Government for which he was granted immunity but the Government later improperly used those statements against him at sentencing (Doc. No. 1 at 13-14).

On December 19, 2007, prior to entry of his plea, Petitioner signed a letter in which he agreed to make a truthful proffer to the Government in exchange for the Government's agreement not to use this proffer or statement against him at sentencing (Criminal Case Doc. No. 1381-1).  The letter stated that the proffer was pursuant to the provisions of Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410. *Id.* However, the letter also stated that "the parties acknowledge that certain agreements set forth below are intended to, and do in fact, modify and amend Rule 11(f), and that the agreements set forth below are intended to govern over the provisions of Rule 11(f) where inconsistent." *Id.* The letter further provided that if Petitioner offered testimony in a legal proceeding or presented a position that was materially different from, or contrary to, the statements made during the proffer, the Government can use his statements against him. *Id.* Petitioner and his attorney both signed the document on December 20, 2007. *Id.*

Rule 11(f) provides that the "admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Rule

410 provides that "any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure" is inadmissable against a defendant. Fed. R. Evid. 410(a)(3). Although Rule 410 makes an exception when the evidence is used against a defendant for impeachment purposes, Rule 11 supercedes Rule 410 and only allows such evidence to be admitted in a criminal proceeding for perjury or if there is a false statement. *See United States v. Price*, 298 F. App'x 931, 939 (11th Cir. 2008). However, a defendant can waive the provisions of Rule 11 and Rule 410. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) (a defendant can waive Rule 410 provisions, but waiver must be knowing and voluntary).

At sentencing, Petitioner testified that he never received any packages containing cocaine from Perlaza which he then delivered to co-defendant Montes (Criminal Case Doc. No. 1191 at 6). Petitioner also testified that he never received payment for the packages that Perlaza handled, and did not negotiate payment between Perlaza and Montes. *Id.* Finally, Petitioner testified that he had never instructed Perlaza on how to receive or deliver packages. *Id.* On cross-examination, the Government questioned Petitioner regarding whether he had previously told agents that he picked up packages from Perlaza. *Id.* at 8. Petitioner stated that he never told the agents that he accepted or delivered packages for Perlaza. *Id.* Petitioner also denied telling agents that he had been paid for packages that Perlaza received or delivered. *Id.* at 9.

The Government called Agent Karl Weiss ("Weiss") at sentencing, who testified he was present during Petitioner's proffer session. *Id.* at 12. Weiss testified that Petitioner had

14

previously stated that he received packages from Perlaza and delivered them to Montes. *Id.* at 13. Likewise, Perlaza testified that he received packages containing cocaine in the mail, and he delivered those packages to either Montes or Petitioner. *Id.* at 20-21. Perlaza further stated that he received payments from Petitioner. *Id.* at 22. The Government noted that Petitioner contradicted the testimony he gave during the proffer session. *Id.* at 39.

Although Petitioner is correct in his assertion that the Government cross-examined him with statements that he made at the proffer session, Petitioner has not demonstrated that counsel acted in a deficient manner by failing to object to the Government's use of those statements. As the Court noted *supra*, Petitioner signed the proffer letter, which stated that if he testified in a legal proceeding or took a position that was materially different than what was stated at the proffer session, then the Government could use his statements against him (Criminal Case Doc. No. 1381-1). The Court finds that Petitioner knowingly waived his rights when he and his lawyer signed the proffer agreement. *United States v. Dortch*, 5 F.3d 1056, 1068 (7th Cir. 1993) (finding a "defendant waives any objection to the use of his own proffer statements to impeach him at trial when he signs a proffer letter that specifically grants the government permission to impeach him if he testifies inconsistently . . ."); *United States v. Burch*, 156 F.3d 1315 (11th Cir. 1998); *United States v. Nesbitt*, No. 2:08-CR-1153-DCN, 2010 WL 3701337, at *3-4 (D. S.C. Sept. 14, 2010). Petitioner does not allege that his waiver of these rights was unintelligent, unknowing, or involuntary.

By testifying that he had never received packages from Perlaza and never had

received payment for packages Perlaza delivered, Petitioner took a position that was materially different from the statements he gave during the proffer session. Thus, the Government did not violate the agreement it made with Petitioner, and trial counsel was not ineffective for failing to object at sentencing. *See United States v. Davis*, No. 10-14097, 2012 WL 118444, at *1 (11th Cir. Jan. 17, 2012) (holding the Government did not violate the plea agreement by offering his allegedly protected statements at sentencing where appellant did not comply with the terms of the proffer by fully cooperating with the Government). Claim seven is denied.

### H.   Ground Eight

Petitioner claims that trial counsel rendered ineffective assistance by failing to use Perlaza and Montes' statements to contradict the amount of drugs the Government argued were attributable to him at sentencing. Petitioner maintains that Montes' proffered testimony to the Government that Petitioner received only 4 to 5 packages containing cocaine (Doc. No. 1 at 14). Additionally, Petitioner states that at Perlaza's sentencing hearing, the Government agent testified that Perlaza received $500 for each package he received, whereas at Petitioner's sentencing the agent testified that Perlaza and Petitioner each received $250 for the packages possessed by Perlaza. *Id.* Petitioner assumes that because the agent did not testify at Perlaza's sentencing hearing regarding Petitioner's receipt of money and packages from Perlaza, that none of Perlaza's packages could be attributed to him. Petitioner contends that these statements would have refuted the 48 kilograms of cocaine that were attributed to him.

Petitioner has not demonstrated that he is entitled to relief with respect to this claim. Ray Schulte, an agent in this case, testified that Petitioner admitted to receiving 4 to 5 packages containing cocaine from Montes (Criminal Case Doc. No. 1190 at 13). However, Schulte also testified that prior to Montes' involvement, Petitioner also received 2 to 3 packages from un-indicted co-conspirators. *Id.* at 13-14. Schulte testified that Petitioner recruited Perlaza into the conspiracy, and Perlaza received 8 to 10 packages. *Id.* at 14. Perlaza delivered his packages to Petitioner. *Id.* at 14-15. Schulte further testified that Petitioner also traveled to Puerto Rico on behalf of the conspiracy as a money courier. *Id.* at 17. On one occasion Petitioner carried $40,000 to Puerto Rico, and on another occasion he carried $70,000. *Id.* Schulte stated that because kilograms of cocaine were being purchased for $16,000 to $16,500, agents estimate that the money Petitioner brought to Puerto Rico would have purchased approximately 6 kilograms of cocaine. *Id.* Schulte testified that the agents had knowledge that a typical package of cocaine around this time contained between 1 and 3 kilograms of cocaine. *Id.* at 19.

Petitioner testified at sentencing that he received 5 to 6 packages from Montes and never received any packages from Perlaza (Criminal Case Doc. No. 1191 at 4-6). Weiss testified at sentencing that in 2006, the packages of cocaine typically contained three kilograms of cocaine. *Id.* at 13. Weiss also testified that Petitioner told agents in his proffer session that he initially received 4 to 5 packages from Montes, 2 to 3 packages from a person named Nico, 4 to 5 packages from Perlaza, and later an additional 2 packages from Montes, totaling between 12 to 15 packages. *Id.* at 14. Weiss testified that $40,000 bought

17

approximately 3 kilograms of cocaine. *Id.* at 15. Weiss stated that on Petitioner's trips to Puerto Rico, he likely purchased a minimum of 6 kilograms of cocaine. *Id.* at 15.

The Court found that the amount of cocaine attributable to Petitioner was between 15 and 50 kilograms.[2] *Id.* at 37-38. The Court accordingly set Petitioner's base offense level at 34. U.S. Sentencing Guidelines Manual § 2D1.1(c)(3). Even if counsel had presented testimony from Montes that Petitioner only received 4 to 5 packages and never received 2 additional packages, this would not have changed Petitioner's base offense level. The deletion of 2 packages from the total amount (6 kilograms of cocaine) would not change the base offense level because the total amount of cocaine would still be between 15 and 50 kilograms. Moreover, even if counsel had presented the agent's prior statement regarding the amount attributable to Perlaza, again the base offense level still would not change. The deletion of an additional 5 packages (15 kilograms of cocaine) received from Perlaza would not change Petitioner's base offense level because the new total of drugs attributable to Petitioner would be 27 kilograms. None of the testimony suggested by Petitioner would contradict the finding that the packages contained 3 kilograms of cocaine. As such, counsel's alleged deficiency did not result in prejudice because Petitioner has not shown that if counsel had presented these statements that it would have resulted in a different sentence. Therefore, claim eight is denied.

---

[2]The 15 to 50 kilogram amount was derived as follows: The Court determined Petitioner was responsible for 14 packages (7 packages from Montes, 5 packages from Perlaza and 2 packages from Nico) each containing 3 kilograms of cocaine, totaling 42 kilograms. The Court also added the 6 kilograms purchased with the $40,000 and $70,000 carried into Puerto Rico, totaling 48 kilograms.

I.     *Ground Nine*

In his ninth ground Petitioner argues that trial counsel was ineffective for failing to compel the Government to file a Rule 35 motion. Petitioner states that counsel failed to secure a Rule 35 reduction in his sentence based on the assistance he provided to the Government (Doc. No. 1 at 15).

"Upon the government's motion . . . the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigation or prosecuting another person." Fed. R. Crim. P. 35(b)(1). As noted *supra*, the Government has no duty to file a motion for downward departure when a defendant has substantially assisted. *Wade*, 504 U.S. at 185. Furthermore, a federal district court will only review a prosecutor's refusal to file a Rule 35(b) motion and grant a remedy "if. . . [the court] finds that the refusal was based on an unconstitutional motive" such as race or religion, and therefore, is not rationally related to any government end. *Id.* at 185-86; *see also United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). Nevertheless, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." *Dorsey*, 554 F.3d at 961. "[J]udicial review is appropriate only 'when there is an allegation *and* substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.'" *Id.*

Although Defendant states that he provided substantial assistance to the Government, there is no indication from the record that Petitioner provided the

19

Government with such assistance or that any arrests where made as a result of the information given by Petitioner. Additionally, Petitioner has failed to allege and make a substantial showing that the Government's refusal to file a Rule 35(b) motion was based on a constitutionally impermissible motive such as race or religion. As the Court noted in relation to ground six, there is no indication that the Government refused to file a Rule 35(b) motion because Petitioner exercised his right to testify at sentencing. Instead the Government's refusal to file the motion was premised on Petitioner's failure to testify truthfully at sentencing, and as such, the Government's failure to file a Rule 35(b) motion was rationally related to a legitimate Government interest.

Petitioner has failed to demonstrate that counsel's failure to file a motion to compel resulted in prejudice because such a motion would not have been granted. Accordingly, claim nine is denied.

### J.    *Ground Ten*

In his final claim for relief, Petitioner alleges that trial counsel rendered ineffective assistance because he labored under an actual conflict of interest. Petitioner maintains that defense counsel represented one of his co-defendants, Elias Maldonado, in the instant case (Doc. No. 1 at 15).

"Where an ineffective assistance claim is based on a conflict of interest, 'a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance.'" *McCorkle v. United States*, 325 F. App'x 804, 808 (11th Cir. 2009) (quoting *Pegg v. United States*, 253 F.3d 1274, 1277 (11th Cir. 2001));

*see also Mickens v. Taylor*, 535 U.S. 162, 172 n. 5 (2002) ("An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."). "'An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'"" *McCorkle*, 325 F. App'x at 808 (quoting *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999)). The Supreme Court of the United States has found an actual conflict of interest where defense counsel represented three co-defendants in the same case without objection. *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980).

In the instant case, the Court concludes that Petitioner has not demonstrated that an actual conflict of interest existed. Although Elias Maldonado was a co-defendant in Petitioner's criminal case, the Court agrees with the Government that the docket reflects that Maldonado was represented by Michael Donaldson and not Mark Reyes as Petitioner suggests.[3] As such, Petitioner's claim is refuted by the record. Because Petitioner has not demonstrated that defense counsel had an actual conflict of interest, the instant claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

---

[3]Petitioner states in his reply that if the Government's argument is correct, "then he dismisses this claim as a ground for relief." (Doc. No. 6).

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of Court is directed to file a copy of this Order in criminal case number 6:07-cr-107-Orl-28GJK and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 1378) pending in that case.

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this _6_ day of February, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 3/2
Felix A. Hernandez
Counsel of Record

---

[4]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.